UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **Naomi Page,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |
| **RJM Acquisitions LLC,** | ) | |
| **MRS Associates, Inc., and** | ) | |
| **Law Offices of Mitchell N. Kay,** | ) | |
| **P.C.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Naomi Page, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq,* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Florence Division because the Plaintiff resides in Hartsville, South Carolina, Darlington County and the Defendants transacted

business in this division.

## PARTIES

4. The Plaintiff, Naomi Page, is a resident and citizen of the State of South Carolina, Darlington County, and is over the age of twenty-one (21) years.

5. Defendant, RJM Acquisitions LLC, is believed to be a New York corporation with its principal place of business at 575 Underhill Blvd., Ste 224, Syosset, New York 11791-3416. RJM Acquisitions LLC is not properly registered to do business in South Carolina, but was in all respects and at all times relevant herein doing business in the state of South Carolina. The Defendant is engaged in the business of collecting consumer debts from consumers residing in South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

6. Defendant, MRS Associates, Inc., is believed to be a New Jersey corporation with its principal place of business at 1930 Onley Avenue, Cherry Hill, New Jersey 08003. MRS Associates, Inc. is not properly registered to do business in South Carolina, but was in all respects and at all times relevant herein doing business in the state of South Carolina. The Defendant is engaged in the business of collecting consumer debts from consumers residing in South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

7. Defendant Law Offices of Mitchell N. Kay, P.C., is believed to be a New York corporation with its principal place of business at 7 Penn Plaza, New York, New York 10001. Law Offices of Mitchell N. Kay, P.C.. is not properly registered to do business in South Carolina, but was in all respects and at all times relevant herein doing business in the state of South Carolina. The Defendant is engaged in the business of collecting consumer debts from consumers residing in South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Beginning in or around January 2007, and continuing through the date of the filing of this complaint, the Defendants, their agents and employees, have called the Plaintiff on her cell phone and home phone multiple times each day and multiple days each week, including Sundays. Said calls were made with the intent to harass, annoy, and intimidate the Plaintiff.

9. Beginning in or around in January 2007 and continuing through at least November 2008, Defendant RJM Acquisitions has repeatedly telephoned the Plaintiff. During said calls, Defendant RJM's collectors threatened the Plaintiff that RJM was "going to take legal action" and that "RJM was going to garnish her wages."

10. During the almost two years that RJM was calling the Plaintiff, the Plaintiff

was being treated for an aggressive form of cancer. The Plaintiff asked RJM to stop calling her but RJM refused. Instead, RJM called the Plaintiff up to five times every day demanding payment be made on this account.

11. In November 2008, Defendant RJM transferred and/or assigned the account to Defendant MRS. From November 2008 through April 2009, Defendant MRS called the Plaintiff almost every day with the only purpose to harass the Plaintiff. Said callers repeatedly demanded the Plaintiff make a payment on the account even though the Plaintiff had previously told Defendant MRS that she could not afford to make any payments as she was suffering from cancer and under going chemotherapy. Despite Defendant MRS knowing that the Plaintiff's circumstances had not changed, Defendant MRS continued to continually ring the Plaintiff's phone with the purpose of harassing and intimidating the Plaintiff.

12. On or about April 2009, Defendant RJM transferred and/or assigned the account to Defendant Law Offices of Mitchell Kay. Plaintiff has received a minimum of two phone calls per week from Defendant Law Offices of Mitchell Kay. Most of these calls resulted in the Defendant leaving messages for the Plaintiff on the household answering machine. However, the collectors of Defendant Mitchell Kay never disclosed the name of the company they were calling from. The collectors simply left messages on the Plaintiff's answering

machine stating "You know you hear me on this phone, . . . you're ignoring my phone calls!"

13. During one conversation the Plaintiff had with Defendant Mitchell Kay, the collector demanded the Plaintiff pay the whole balance right then. The collector also threatened the Plaintiff that if payment was not made, Defendant would make sure that the Plaintiff could never open a checking account anywhere in the nation.

14. As of this date, Defendant Mitchell Kay is continuing to call and harass the Plaintiff.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

15. The Plaintiff adopts the averments and allegations of paragraphs 8 through 14 hereinbefore as if fully set forth herein.

16. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

17. The Defendants violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendants knew or should have known was inconvenient to the Plaintiff. Additionally, the Defendants repeatedly contacted the Plaintiff on her cell phone without her prior permission to do so.

18. The Defendants violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by using language the natural consequence of which is to abuse the hearer; and by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

19. The Defendants violated §1692e by making false and misleading representations to the Plaintiff.  At the time the Defendants made these representations to the Plaintiff, the Defendants knew, or should have known, that said representations were false.  Said representations made by Defendants were made recklessly, willfully, and/or intentionally.

20. The Defendants used false representations and/or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e(10).

21. The Defendants falsely represented or implied that nonpayment of any debt would result in the seizure, attachment, or sale of property belonging to the Plaintiff when such action was not lawful and/or when the Defendants did not intend to take such action in violation of §1692e(4).

22. The Defendants threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

23.  As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

24.  The Plaintiff adopts the averments and allegations of paragraphs 8 through 23 hereinbefore as if fully set forth herein.

25.  Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

26.  Defendants knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

27.  Defendants negligently failed to train and supervise collectors in order to prevent said improper conduct.

28.  Defendants negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

29.  As a result of the Defendants' negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

30. The Plaintiff adopts the averments and allegations of paragraphs 8 through 29 hereinbefore as if fully set forth herein.

31. Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

32. Defendants knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

33. Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

34. Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

35. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants as follows:

    A. Statutory damages of $1,000 for the Plaintiff from each Defendant for their violations of the FDCPA (15 U.S.C. §1692k);

    B. Actual damages for Defendants' violations of the FDCPA;

C. Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C. § 1692k; and

D. Compensatory and punitive damages against Defendants in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendants' Negligent Training and Supervision, and Reckless and Wanton Training and Supervision.

E. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL - RESTRICTED DELIVERY:**

RJM Acquisitions LLC
c/o Scott Matte
575 Underhill Blvd., Ste. 224
Syosset, New York 11791

MRS Associates, Inc.
C/o Saul A. Freedman, President
1040 Kings Hwy N., Suite 300
Cherry Hill, NJ 08034

Law Offices of Mitchell N. Kay, P.C.
C/o Mitchell N. Kay, CEO
7 Penn Plaza
New York, New York 10116-3163